**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FRANK SCOTT ZAKEN,

     Plaintiff,

-v-                                    Case No.  8:07-CV-867-T-30EAJ

WILL KELLEY,

      Defendant.

_____/

## <u>ORDER</u>

Before the Court are Plaintiff's "Motion to Compel the Manatee County Sheriff [sic] Office to Produce the Digital Camera (SD Card, Memory Card) Which Holds the Electronically Stored Photo's, (Manatee County Sheriff [sic] Office Case No. 03-45078) of Plaintiff Taken on October 24th, 2003 by Manatee County Sheriff Office Crime Scene Technician; C.S.T. Woodford Manatee County Sheriff [sic] Office ID#06-Z to be Used to Show the Jury the Actual Extent of Plaintiff Zaken's Injuries" (hereinafter "motion to compel")(Dkt. 51); two motions to subpoena eyewitnesses for jury trial (hereinafter "motions to issue subpoenas") (Dkts. 52, 55); and "Motion to Address Access to Computer Lab/Law Library" (hereinafter "motion to access law library") (Dkt. 57).

**Motions to issue subpoena**s

Plaintiff requests the Court to issue subpoenas compelling Mr. Woodford, a crime scene technician with the Manatee County Sheriff's Office, and Ms. Nancy Smith, an

investigator with the Manatee County Public Defender's Office, to appear at trial to testify. Plaintiff asserts that Mr. Woodford and Ms. Smith both can testify as to the extent of Plaintiff's injuries.

Fed. R. Civ. P. 45(a)(3) states in pertinent part that "[t]he Clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Accordingly, the Clerk of the Court shall issue the subpoenas requested by Plaintiff.

Plaintiff is cautioned, however, that no statute authorizes or requires the government to undertake the expenses of witness fees and costs for indigent plaintiffs. *Gregg v. Clerk of U.S. Dist. Court,* 160 F.R.D. 653, 654 (N.D. Fla. 1995)(citing *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Penn. 1991)). Therefore, Plaintiff is responsible for arranging service of the subpoenas on the witnesses. If Plaintiff seeks to have the subpoenas served by the United States, he must submit an appropriate sum of money for the U.S. Marshal to tender to the witnesses with his subpoenas. The subpoenas will not be served by the Marshal unless accompanied by a money order made payable to each of the witnesses for the full amount of the witnesses' travel expenses, plus the witness fee of $40.00 each for one day's attendance at trial. 28 U.S.C. § 1821.[1] Again, because no statute authorizes the use of public funds for

---

[1]The costs of service of the subpoenas by the Marshal (also $40.00 each plus mileage costs) will be advanced by the United States for litigants proceeding *in forma pauperis*. However, Plaintiff is warned that the costs of service are items of cost which may be taxed against the losing party after trial. *See* 28 U.S.C. § 1920, 1921; Fed.R.Civ.P. 54(d). Furthermore, costs may be taxed against an indigent. *Harris v. Forsyth*, 742 F.2d 1277 (11th Cir. 1984).

these expenses in civil cases, the tendering of witness fees and travel expenses is required even though Plaintiff was granted leave to proceed *in forma pauperis*.

**Motion to compel**

Plaintiff appears to assert that the photographs of his injuries which counsel for Defendant provided to him during discovery are blurry and do not represent the true extent of his injuries.  Therefore, Plaintiff asks the Court to compel the Manatee County Sheriff's Office to produce the digital camera which was used to take the photographs of Plaintiff's injuries, and the memory card which contains the photographs of Plaintiff's injuries.  The Court will defer ruling on this motion until Defendant has had an opportunity to respond.

**Motion to access law library**

Plaintiff asks the Court to intervene on his behalf and order the Florida Civil Commitment Center, where Plaintiff is detained, to allow Plaintiff access to the law library Monday through Friday from 1:00 p.m. to 4:15 p.m., and 6:30 p.m. to 8:45 p.m., and to assign Plaintiff a computer, during December 2008, and January 2009, in order to prepare for his trial scheduled for January 2009.  Plaintiff alleges he has exhausted his available administrative remedies on this matter, and his request was denied.

Plaintiff has a right of access to the courts, but the inability to access the law library is not, in itself, an unconstitutional impediment. *See, Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000).  His right of access to the courts, however, must be "adequate,

_____

3

effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Plaintiff has not

provided the Court with the administrative responses from the  Florida Civil Commitment

Center, nor has he detailed what access he currently has to the law library and a computer.

Plaintiff has not demonstrated at this time that he is being denied meaningful access to the

courts as a result of insufficient access to the law library or a computer.[2]   Accordingly,

Plaintiff's  motion  will  be  denied  without  prejudice  to  Plaintiff  to  refile  a  motion

demonstrating that he is being denied meaningful access to the courts.

Accordingly, the Court **ORDERS** that:

1.  Ruling on Plaintiff's motion to compel (Dkt. 51) is **DEFERRED**.

2.  Plaintiff's motions to Subpoena Eyewitnesses for Jury Trial (Dkts. 52, 55) are

**GRANTED** solely to the extent that the Clerk of the Court shall mail Plaintiff, along with

his copy of this Order, two (2) subpoenas, signed but otherwise blank, which Plaintiff may

complete and serve in compliance with Fed. R. Civ. P., Rule 45.   If Plaintiff wishes the

Court to order the U.S. Marshal to serve the subpoenas, Plaintiff may file a motion for

service by the Marshal when he can meet the conditions set out in *Gregg v. Clerk of U.S.*

*District Court*, i.e., when Plaintiff completes the subpoenas, and the subpoenas are

accompanied by money orders made payable to the witnesses for the full amount of the

witnesses' travel expenses,[3] plus the witness fees of $40.00 for one day's attendance at trial.

---

[2]The Court takes notice of the fact that Plaintiff has recently filed numerous motions and his pre-trial statement (See Dkts. 41, 45, 47, 48, 51-53, 55-57)

[3]The current mileage reimbursement rates for privately owned vehicles is $0.585 per mile.

3.  Plaintiff's motion to access law library (Dkt. 57) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies to:
Plaintiff *pro se*
Counsel of record