**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

FRANK SCOTT ZAKEN,

    Plaintiff,

-v-                                            Case No.  8:07-CV-867-T-30EAJ

WILL KELLEY,

    Defendant.
_____/

## **ORDER**

      Before the Court is Plaintiff's "Motion to Compel the Manatee County Sheriff [sic] Office to Produce the Digital Camera (SD Card, Memory Card) Which Holds the Electronically Stored Photo's, (Manatee County Sheriff [sic] Office Case No. 03-45078) of Plaintiff Taken on October 24th, 2003 by Manatee County Sheriff Office Crime Scene Technician; C.S.T. Woodford Manatee County Sheriff [sic] Office ID#06-Z to be Used to Show the Jury the Actual Extent of Plaintiff Zaken's Injuries" (hereinafter "motion to compel")(Dkt. 51).

      Plaintiff appears to assert that the photographs of his injuries which counsel for Defendant provided to him during discovery are blurry and do not represent the true extent of his injuries.  Therefore, Plaintiff asks the Court to compel the Manatee County Sheriff's Office to produce the digital camera which was used to take the photographs of Plaintiff's

injuries, and the memory card which contains the photographs of Plaintiff's injuries. Plaintiff argues that "in his first Request for Production [he] asked for any Electronically Stored Information relating to this lawsuit and received none by the Defendant's Attorney." (Dkt. 51 at 2).

Defendant has filed a response and memorandum of law in opposition to Plaintiff's motion to compel (Dkt. 60) in which Defendant argues that: 1) Plaintiff did not comply with Local Rule 3.01(g) in that he did not confer with counsel in an effort to resolve this discovery dispute prior to filing his motion to compel; 2) Plaintiff did not comply with Local Rule 3.04(a) in that his motion to compel fails to quote in full the request for production at issue, and the Defendant's response to the request for production; and 3) Plaintiff never requested production of the camera or memory card during discovery, and Defendant provided Plaintiff with all photographs taken of Plaintiff on October 24, 2003, and the pictures are not blurry (Dkt. 60).

Initially, Plaintiff has not certified that he has conferred with opposing counsel in an effort to resolve their discovery dispute. *See*, Local Rule 3.01(g) (M.D. Fla. 2006)("Before filing any motion in a civil case...the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion."); Fed. R. Civ. P. Rule 37(a)("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the

2

movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

Moreover, Local Rule 3.04(a) (M.D. Fla. 2006) states:

> A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed.R.Civ.P., shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. The opposing party shall then respond as required by Rule 3.01(b) of these rules.

Plaintiff's motion to compel fails to comply with Local Rule 3.04(a).

Finally, despite Plaintiff's claim that "in his first <u>Request for Production</u> [he] asked for any Electronically Stored Information relating to this lawsuit", he did not request "any Electronically Stored Information" in his request for production (Dkt. 60 at Ex. A). Plaintiff did request "[a]ll photographs, charts, diagrams, documents and other physical evidence that Defendant intends to use at the time of trial of this cause." (Id.). Defendant asserts that in response to Plaintiff's request for production, he provided copies of all the photographs taken of Plaintiff on October 24, 2003, to Plaintiff. This Court will not compel Defendant to produce items until he has had an opportunity to voluntarily comply with a formal discovery request for those items and improperly declines to do so. *Cf. Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995)("In order to succeed on a motion to compel discovery, a party must first prove that it sought discovery from its opponent.").

Accordingly, the Court **ORDERS** that Plaintiff's motion to compel (Dkt. 51) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 9, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies to:
Plaintiff *pro se*
Counsel of record